**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO: 1:18-cr-00198-2 (JEB)** |
| | * | |
| **GABRIEL BROWN,** | * | |
| **Defendant** | * | |

********

## MOTION TO RECONSIDER ADMISSION OF THE COLLEGE PARK ROBBERY AS 404(B) EVIDENCE AGAINST HIM AND TO PRECLUDE GOVERNMENT FROM MENTIONING ANY 404(b) EVIDENCE AND OUT OF COURT STATEMENTS IN ITS OPENING STATEMENT

Gabriel Brown, by his undersigned counsel, hereby respectfully moves this Honorable Court to reconsider its decision to admit evidence of the College Park robbery as 404(b) evidence against him; to preclude the Government from mentioning any 404(b) evidence in its opening statement, *see, e.g. United States v. Bailey*, 505 F.2d 417, 420 (D.C. Cir. 1974); and to preclude the government from mentioning out-of-court statements that it will seek to introduce under FED. R. EVID. 801(d)(2)(E), unless the Court has already ruled the statements admissible.

### A.     College Park Robbery

On a motion for reconsideration filed by the government (ECF 191), the Court reconsidered its decision to exclude evidence of a robbery that allegedly took place in College Park on or about May 23, 2018.  In its Order, the Court held that the government "may introduce evidence of the College Park home invasion" as 404(b) evidence.  Order at 3 (ECF 218, 10/21/21).  In its decision, the Court relied on the government's proffer of evidence:

> The Government points out that the Court's prior ruling did not address its critical firearms evidence — namely, that the three men involved in the College Park incident brandished handguns with green-laser sights, just as those involved in Simmons's abduction did.

*Id.* at 2.

The Court's ruling was based on the specific argument made by the government that "the evidence of the College Park armed home invasion is critical evidence of access to firearms with green-laser sights by Defendants Moore, Taylor, and Brown during the charged abduction."  Gov Motion for Reconsideration (ECF 191) at 2.  And again the government's proffer that "Defendant Brown, Moore, and Taylor's access to firearms with green laser-sights during the College Park offense are relevant to establishing that they had access to the very same firearms just weeks later when Andre Simmons was abducted in Bowie, Maryland."  *Id.*  at 4.

However, now that all of the evidence has been produced and based on discussions with government counsel, it is clear that the government will not prove that Mr. Brown was present at either the College Park robbery nor at the abduction of Simmons in Bowie.  *See also* Historical Cell Site Report (ECF 262-3) at 10-11.[1]  Accordingly, the government's argument that the College Park robbery provided a permissible 404(b) basis for admission of evidence against Mr. Brown of his access to firearms with green laser-sights is just not supported by the evidence.

Hence, Mr. Brown respectfully requests that the Court reconsider its decision to admit the College Park robbery as 404(b) evidence against Mr. Brown unless and until the government makes a proffer of proof, outside the presence of the jury that Mr. Brown was present at both incidents.

---

[1]  The slides on those pages do not place Mr. Brown at or near Bowie, Maryland when Simmons was abducted.  The government has not produced any cell site analysis with respect to the College Park robbery.

**B.      Opening Statements**

**1.      404(b) Evidence**

The Court should not preclude the government from mentioning during its opening statement, the College Park robbery and other evidence that the Court has admitted under Rule 404(b). *See Bailey, supra*.

In particular, with respect to the College Park robbery, *Bailey's* concerns with "the danger of prejudice" should lead the Court to preclude the government from mentioning the incident in its opening statement until it hears the government's proffer of proof, now that the Jencks materials have been produced.

> This same sensitivity leads us to note two ways in which the danger of prejudice could have been lessened in the present case without in any way restricting the introduction of properly admissible evidence. First, the government should not have mentioned appellants' prior offenses in its opening statement. Such mention irretrievably puts before a jury the fact that a defendant has been involved in prior criminal activity.  If later government efforts to introduce evidence of the prior offenses prove unavailing, the jury is still left aware of these offenses and, even with a cautionary instruction, the chances of prejudice are still significant.  On the other hand, the government loses little by delaying its mention of the previous offenses until at least the presentation of its case-in-chief.
>
> Secondly, the trial judge should not have made even a preliminary ruling on the admissibility of the other offenses evidence in the government's case-in-chief without requiring a proffer of that evidence out of the hearing of the jury.  Such a proffer serves three purposes. First, as with the banning of the mention of other offenses in opening statements, it shields the jury from potentially inadmissible prejudicial evidence. Secondly, it gives the trial judge a basis on which to balance the probative value against the prejudicial effect of the evidence. Finally, it allows the trial judge to probe as to whether it might be more desirable to defer admitting the evidence until the government's rebuttal.

3

*Bailey,* 505 F.2d at 420.

Moreover, mention of 404(b) evidence during opening runs the risk that the jury will be confused as to the limited purposes for which 404(b) evidence is admissible. *See, e.g., United States v. McGill*, 815 F.3d 846, 889 (D.C. Cir. 2016) ("As a general rule, then, a proper Rule 404(b) jury instruction should identify the evidence at issue and the particular purpose for which a jury could permissibly use it, rather than providing an incomplete description of the evidence at issue and an undifferentiated laundry list of evidentiary uses that may confuse more than it instructs.").

In addition to the College Park incident, the Court granted in part and denied in part the government's motion for 404(b) evidence. It admitted:

(1)   the photo of Sweeney with the murder weapon on June 1, 2018 (***admissibility reserved as to Brown***);

(2)   the .45 in the Maxima;

(3)   the June 7, 2018, photo of the .40 in the Maxima,

(4)   the April 27, 2018, photo of Brown with a gun, all of which are also intrinsic to the conspiracy;

(5)   Brown's flight (on 403 grounds since not a bad act).

Minute Order, 2/19/2020 (emphasis added).

The Court also denied the admission of "Sweeneys involvement in the Brooklyn's Finest shooting, the prior convictions, the 2017 photos of Brown with guns, and Taylor's flight (on 403 grounds since not a bad act)." *Id.*

4

2. **Out-of-Court Statements**

To avoid the same undue prejudice concerns that the D.C. Circuit explained in *Bailey*, the Court should preclude the government from mentioning in its opening statements, any out-of-court statements that it will seek to introduce as co-conspirator statements under Rule 801(d)(2)(E), unless the Court has already determined that such statement are admissible. *See, e.g., United States v. Moore*, No. CR 18-198 (JEB), 2021 WL 1966570, at *6-9 (D. D.C. May 17, 2021) (admitting "text messages concerning unrelated robberies" and "communications regarding a firearm").

## CONCLUSION

For the reasons stated above, Mr. Brown respectfully requests that the Court reconsider its decision to admit evidence of the College Park robbery as to Mr. Brown.  At a minimum, Mr. Brown requests that the Court require the government to provide a proffer of proof outside the presence of the jury.  *See also* Rule of Evid 104.  Finally, Mr. Brown requests that the Court preclude the government from mentioning any 404(b) evidence in its opening statement and preclude mention of out-of-court statements unless the Court has already ruled them admissible.

Respectfully submitted,

/s/

_____

**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 14th day of September, 2022.

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**